UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

SHAHRIYAR NEMAN,

*Plaintiff,*

-against-

LUIZA DUBROVSKY, THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, THE NEW YORK CITY DEPARTMENT OF FINANCE, AND JOHN DOES AND ABC CORPS. 1 THROUGH 10, THE LAST 10 NAMES BEING FICTITIOUS AND UNKNOWN TO PLAINTIFF, THE PERSONS OR PARTIES INTENDED BEING THE TENANTS, OCCUPANTS, PERSONS, OR CORPORATIONS, IF ANY, HAVING OR CLAIMING AN INTEREST IN OR LIEN UPON THE PROPERTY DESCRIBED IN THIS COMPLAINT

*Defendants.*

---------------------------------------------------------------------X

Civil Action No.: 15-CV-4490

**VERIFIED COMPLAINT**

**BLOCK: 1114 LOT: 1385**
**15 CENTRAL PARK WEST**
**UNIT 16H**
**NEW YORK COUNTY, NEW YORK**

Plaintiff Shahriyar Neman ("Plaintiff"), by his attorneys Oved & Oved LLP, complaining of the Defendants, sets forth and alleges, upon information and belief, as follows:

## SUMMARY OF ACTION

1. In accordance with Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"), this action seeks to foreclose on a mortgage dated March 20, 2014 and filed by Plaintiff in the Office of the Clerk of the Court of New York County on or about April 11, 2014 (the "Mortgage") against certain real property in the State of New York, County of New York (the "Mortgaged Premises").

2. The Mortgaged Premises consist of the condominium unit located at 15 Central Park West, Unit 16H, New York. NY 10023 (Block 1114, lot 1385), together with the appurtenances thereto and all fixtures and articles of personal property annexed to or used in connection with the Mortgaged Premises.

3. The Mortgaged Premises are legally described in **Exhibit 1**, attached to this Verified Complaint and incorporated herein by reference.

4. The Mortgage was executed by Defendant Luiza Dubrovsky to secure a loan made to her by Plaintiff (the "Loan"), which is documented in that certain Promissory Note dated as of March 20, 2014 for the principal amount of $2,200,000 (the "Note") and upon which Dubrovsky has defaulted.

5. This action does not involve the foreclosure of a mortgage securing a "home loan" as defined by Banking Law Sections 6-1 and 6-m of the banking law, therefore, RPAPL Section 1302 is inapplicable in this action.

**PARTIES**

6. Plaintiff is a natural person and a citizen and resident of the State of Florida.

7. Plaintiff is the owner and holder of said Note and Mortgage.

8. Plaintiff is not a "lender" as that term is defined in RPAPL Section 1304 and as such, the requirements of that statute do not apply to this foreclosure action.

9. Defendant Luiza Dubrovsky ("Dubrovsky") is a natural person who resides in New York County, New York and is a citizen of the State of New York.

10. Dubrovsky is named as a Defendant in this action because she is the maker and mortgagor under the Note and Mortgage referred to herein and the sole owner of record of the Mortgaged Premises that is the subject of this foreclosure action.

11. Defendant New York State Department of Taxation and Finance ("NYS Tax") is an agency of the State of New York with a principal place of business at Office of Counsel, Building 9, W.A. Harriman Campus, Albany, New York, 12227.

12. NYS Tax is named as a defendant in this action because of unpaid taxes, if any, that may be due from Dubrovsky.

13. NYS Tax may claim a lien or interest against the Mortgaged Premises or a portion thereof.

14. Defendant New York City Department of Finance ("NYC Finance") is an agency of the City of New York with a principal place of business at 66 John Street, Room 104, New York, New York 10038.

15. NYC Finance is named as a defendant in this action because of unpaid taxes, if any, that may be due from Dubrovsky.

16. NYC Finance may claim a lien or interest against the Mortgaged Premises or a portion thereof.

17. Defendants John Does 1-10 and ABC Corps. are individuals or entities that may be tenants or occupants of the Mortgaged Premises, persons who claim, or may claim, a lien against the Mortgaged Premises, and any necessary parties to this action whose identity is not presently known to Plaintiff.

**JURISDICTION AND VENUE**

18. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. 1332 because (i) there is complete diversity jurisdiction in that the Plaintiff is a citizen of the State of Florida and all of the Defendants named herein are citizens of the State of New York and (ii) the amount in controversy exceeds $75,000.

19. Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(1) and (2) as Dubrovsky resides in this District, the Mortgaged Premises that are the subject matter of the action are wholly situated in this District, and a substantial part of the events giving rise to the claims in this action occurred in this District.

**FIRST CAUSE OF ACTION**
**(Foreclosure)**

20. On March 20, 2014, Dubrovsky, for good and valuable consideration, executed and delivered to Plaintiff, the Note, dated on that day, whereby Dubrovsky undertook, promised, covenanted and agreed to pay the principal sum of $2,200,000 and interest thereon at the rate provided therein.

21. A copy of the Note is attached hereto as **Exhibit 2.**

22. The Note is a valid and binding contract between Plaintiff and Dubrovsky.

23. As collateral security for the payment of said indebtedness, Dubrovsky executed, acknowledged, and delivered to Plaintiff the Mortgage, dated March 20, 2014, whereby Defendant mortgaged to Plaintiff the Mortgaged Premises, together with the appurtenances thereto and all fixtures and articles of personal property annexed to or used in connection with the Premises, as is more fully set forth in said Mortgage.

24. The Mortgage was recorded in the office of the New York County Clerk on April 11, 2014 as City Register File Number 2014-000124464.

25. The mortgage recording tax thereon was paid.

26. A copy of the recorded Mortgage is attached hereto as **Exhibit 3**.

27. The Mortgage is a valid and binding contract between Plaintiff and Dubrovsky.

28. Plaintiff funded the Loan in full on or about March 23, 2014.

29. The Note states that Dubrovsky shall be in default thereunder if she "fails to pay this Note within 30 days after the Note is due."

30. Section 13 of the Mortgage provides that in case of a default by Dubrovsky under the Note, such as the failure by Dubrovsky to pay the Note within 30 days after the Note is due, Plaintiff may, in addition to exercising all rights and remedies under the Note or any of the other

documents entered into by Dubrovsky in connection with the Loan, institute an action of mortgage foreclosure against the Mortgaged Premises.

31. The Note matured on March 23, 2015 and, as such, the Note's plain terms obligated Dubrovsky to pay to Plaintiff, on that day, the principal amount of $2,200,000 due and owing under the Note.

32. Dubrovsky did not pay to Plaintiff the due and owing principal amount of $2,200,000 on or before March 23, 2015 nor did she pay this sum to Plaintiff on or before April 22, 2015, a date which was 30 days after said sums became due and owing under the Note.

33. As such, Dubrovsky is in default under the plain terms of the Note and Mortgage.

34. On April 23, 2015, the day after Dubrovsky defaulted in her obligations under the Note and Mortgage, Plaintiff and Dubrovsky entered into a forbearance agreement entitled "Payoff Confirmation Letter."

35. The Payoff Confirmation Letter states in pertinent part as follows:

> Borrower previously provided notice to Lender of its intent to extend the term of the 16H Loan pursuant to the Note, however Borrower failed to pay Lender the interest payment required in connection therewith in accordance with the Note. Subject to the terms of this letter, Borrower has agreed to fully repay the principal amount of the 16H Loan together with the Additional Amounts set forth in the following paragraph (the "Payoff Amount") contemporaneously with the payoff of the 172 Madison Loan on or before May 29, 2015 (the "Payoff Date") as contemplated by the 172 Madison Payoff Letter. **Borrower acknowledges that it is in default under the 16H Loan Documents for failure to make payment in accordance with the Note (the "Default") and hereby waives notice of such Default in connection with any enforcement by Lender of its remedies under the Note and the other 16H Loan Documents in respect of such Default after the Payoff Date.** Subject to the terms and condition of this letter, and in consideration of the agreements made by Borrower hereunder, Lender agrees to forbear from enforcing its remedies against Borrower under the Note and the other 16H Loan Documents in respect of the Default until May 30, 2015. (Emphasis Supplied)
>
> As of the date hereof, Borrower paid Lender $30,000 for interest on the 16H Loan which is accepted by Lender as payment in full of accrued interest on the 16H Loan for the period from March 23, 2015 through April 22, 2015. In further consideration for the provision of this letter to Borrower, Borrower agrees: (a) to pay, on or before the Payoff Date, $50,000 to Lender for interest on the 16H Loan for the period from April 23, 2015

> through May 14, 2015; and (b) to pay to Lender, on or before the Payoff Date, additional interest on the 16H Loan at the default rate of 18% per annum, in the amount of $1,100 per day, for the period from May 15, 2015 through the Payoff Date. For example, if the Payoff Date is May 29, 2015 then Lender shall receive $16,500 for interest from May 15, 2015 to May 29, 2015. Borrower has agreed to also pay to Lender on the Payoff Date all of its legal expenses incurred in connection with the payoff contemplated hereby and by the 172 Madison Payoff Letter, for which Borrower shall be credited with amounts paid to Lender's legal counsel pursuant to the 172 Madison Payoff Letter. All amounts required to be paid pursuant to this paragraph (collectively, the "Additional Amounts") shall be delivered by wire transfer of immediately available funds in accordance with the wire instructions attached hereto.

36. Dubrovsky, who acknowledged in the Payoff Confirmation Letter that she is in default under the Note, has also failed to pay the Payoff Amount, as defined in the Payoff Confirmation Letter, on or before the Payoff Date of May 29, 2015 (or at any time thereafter).

37. By reason of the foregoing, Plaintiff has elected to institute an action of mortgage foreclosure against the Mortgaged Premises.

38. There is now due and owing to Plaintiff under the Note and Mortgage the sum of $2,200,000, with interest thereon from May 15, 2015, at the rate of interest determined by the Note and continuing to accrue until payment in full is tendered, plus any applicable late charges, along with all other sums due and owing under the Note and Mortgage, plus the cost of collection including, without limitation, reasonable attorneys' fees and expenses and other sums, all as more fully provided in the Note and Mortgage, which sums are due and owing in addition to any usual costs and allowances which Plaintiff may be entitled to and may be awarded under any law or statute applicable to this action.

39. In order to protect its security, Plaintiff may be compelled, during the pendency of this action, to pay sums for premiums on insurance policies, real estate taxes, assessment, water charges and sewer rents which are or may become liens on the Mortgaged Premises, and other charges that are or may become necessary for the protection of the Mortgaged Premises, and Plaintiff prays that any sum or sums so paid, together with interest from the date of payment,

shall be added to Plaintiff's claim and be deemed evidence and secured by said Note and Mortgage and adjudged a valid lien on the Mortgaged Premises, and that the Plaintiff be paid such sums, together with interest thereon, out of the proceeds of the sale of the Mortgaged Premises.

40. No other action or proceeding has been had at law or otherwise for the recovery of said sum so evidenced and secured by said Note and Mortgage or any part thereof.

41. The Mortgaged Premises under foreclosure herein is subject to any state of facts an accurate survey of the Mortgaged Premises or an inspection thereof would show; and to covenants, restrictions, reservations, easements and agreements of record, if any, and any violations thereof; and to building restrictions and zoning ordinances of the town or municipality in which said Mortgaged Premises are situated, if any, and any violations thereof; and to conditional bills of sale, security agreements and financing statements filed in connection with said Mortgaged Premises, if any, but only to the extent that any of the foregoing are not barred or foreclosed by this action; and to all unpaid real estate taxes, assessments, water charges, and sewer rents, which are liens upon the Mortgaged Premises but are not due or payable as of the time of the sale.

42. In addition, the purchaser of the Mortgaged Premises at the foreclosure sale shall be required to pay all applicable local and state transfer taxes, deed stamps or other taxes due in connection with the transfer of the Mortgaged Premises.

43. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment or performance, after the date of the commencement of this action, of any or all of the defaults mentioned herein; and such election shall continue to remain effective until the costs and disbursement of this action, and all present

and future defaults under the Note and/or the Mortgage and occurring prior to the discontinuance of this action are fully paid and cured.

44. By this Complaint, Plaintiff seeks to foreclose and cut off all known and unknown junior liens, interests or claims in and to the Mortgaged Premises.

45. The following are, upon information and belief, all junior liens, interests or claims in and to the Mortgaged Premises that should be expunged from the public records.

46. NYS Tax may claim a lien or other interest against the Mortgaged Premises by virtue of unpaid state taxes, if any, that may be due from Dubrovsky.

47. NYC Finance may claim a lien or other interest against the Mortgaged Premises by virtue of unpaid state taxes, if any, that may be due from Dubrovsky.

48. The interests, liens, or claims of the Defendants herein are all subordinate and subject to the Mortgage held by Plaintiff and being foreclosed herein.

49. In the event that Plaintiff possesses any other lien(s) against the Mortgaged Premises either by way of judgment, junior or senior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause of action set forth in this Verified Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

50. None of the Defendants are infants, absentees, or incompetents, nor have they been proceeded against as such.

**WHEREFORE**, Plaintiff demands judgment that:

    a. Defendants and all persons claiming under them or any of them subsequent to the filing of the Notice of Pendency of this action, be barred and foreclosed of all right, title, claim, lien, and equity of redemption in the Mortgaged Premises;

b. The Mortgaged Premises be decreed to be sold in one parcel according to law and subject to the items herein set forth;

c. The money arising from the sale be brought into court and that the sale shall be consummated for whatever amount or amounts shall result in the highest aggregate purchase price, and that Defendants shall surrender possession to the purchaser or purchasers of all items of property sold at the foreclosure sale who shall be let into possession on production or delivery of referee's or receiver's deed or deeds;

d. Plaintiff be paid the amount of principal and interest due on the Note and the Mortgage as hereinbefore set forth with interest from May 15, 2015, and any sums paid by the Plaintiff for real estate taxes assessments, water charges or expenses to protect the lien of the Mortgage, and any sums expended for protection or preservation of the Mortgage Premises, with interest thereon from the time of such payment, and reasonable attorneys' fees as set forth in the Complaint, and the costs and disbursements of this action, and all other amounts due the Plaintiff under said Note and Mortgage;

e. Defendants be adjudged to pay any deficiency which may remain after applying all moneys received from the sale of the Mortgaged Premises;

f. Awards Plaintiff its costs and expenses, including its attorneys' fees to the extent permitted by applicable law; and

g. Awarding any such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 8, 2015

By: ______________________________

Darren Oved, Esq.
Edward C. Wipper, Esq.
OVED & OVED LLP
*Attorneys for Plaintiff*
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2376

**VERIFICATION**

Shahriyar Neman hereby declares to the following under penalties of perjury:

1. I am the Plaintiff in this action.

2. I have read and know the contents of the foregoing VERIFIED COMPLAINT and that the same are true to my own knowledge, except as to the matters to be alleged on information and belief, and as to those matters I believe them be true.

3. The grounds of my belief as to all matters in said VERIFIED COMPLAINT are my general knowledge and involvement in the events giving rise to this litigation and a general investigation and review of the facts and records in this case.

4. Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

Dated: Sunny Isles, Florida
June 8, 2015

Shahriyar Neman